FILED

AUG 30 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30305 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00023-SEH-1 |
| v. | |
| TERRA LEE BRANDY RUNNING CRANE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted August 28, 2013[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

Terra Lee Brandy Running Crane ("Running Crane") appeals her jury trial

conviction and fifty-seven-month sentence for Assault with a Dangerous Weapon, in

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. §§ 1153(a) and 113(a)(3), and Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 1153(a) and 113(a)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

There was no error in the district court's refusal to give a "missing witness" instruction. Even reviewing for abuse of discretion, Running Crane did not demonstrate that the missing witness was "peculiarly within the power of the [government]," or that "an inference of unfavorable testimony" against the government was natural and reasonable. *United States v. Ramirez*, 714 F.3d 1134, 1137 (9th Cir. 2013) (citation and internal quotation marks omitted).

Nor did the district court prohibit Running Crane's attorney from highlighting the missing witness's absence to the jury. The only instruction on this score was not to argue beyond the record, and Running Crane's lawyer was still able to remind the jury of the witness's absence twice during closing arguments.

Finally, in light of the totality of the circumstances and the sentencing factors, Running Crane's within-Guidelines sentence is substantively reasonable. *See* 18 U.S.C. § 3553(a); *Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**